Opinion filed May 24, 2007















 
 
  
 
 







 
 
  
 
 




Opinion filed May 24, 2007

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                       Nos. 11-05-00265-CR & 11-05-00266-CR 

                                                      ________

 

                               BRANDON OKEITH SHAW, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                         On
Appeal from the 283rd District Court

                                                          Dallas County, Texas

                           Trial
Court Cause Nos. F-0400836-UT & F-0450399-UT

 



 

                                                                   O
P I N I O N

 

Brandon Okeith Shaw appeals his convictions by a
jury in two causes of the offense of 
capital murder.  The trial court
assessed his punishment at life in the Texas Department of Criminal Justice,
Institutional Division, with a finding of a deadly weapon in each case.  Shaw contends in two issues that the trial
court erred by denying his motion to sever and that the trial court improperly
charged the jury at the guilt-innocence phase of the trial.  We affirm. 








Shaw urges in issue one that the trial court erred
by denying his motion to sever.  Shaw was
tried together with Sheldon Roberts, a codefendant, after the trial court had
severed Emmanuel Rogers, another codefendant, from the case.  Shaw had moved to sever his trial from that
of either of his two codefendants, stating that he anticipated that he would
present evidence of an alibi defense while his codefendants, Rogers and
Roberts, might place themselves at the crime scene at the time of the offense.

At the hearing on the motion to sever, Shaw
introduced several statements made by Rogers, one of the two codefendants.  His counsel argued that the statements were
introduced to show that it would be prejudicial to Shaw to be tried together
with Rogers.  With respect to Codefendant Roberts, Shaw=s counsel argued, AAs far as the other codefendant, I
mean, there=s no
doubt he didn=t give a
statement, so I don=t have
anything to give you to show what his position is going to be and I can=t offer any conjecture on that point.@ 
He added, ABut I do
know that Brandon Shaw=s
trial should be severed from Emmanuel Rogers=[s]
trial as a matter of law.@  He subsequently argued for severance from being
tried together with Rogers because Rogers=s attorney was not available for trial
the following Monday when the trial was set. 
At that time, the trial court denied Shaw=s
motion with respect to both of the two codefendants.  The State subsequently moved to sever Rogers.  Thereafter, Rogers was tried separately and convicted for
the offense of capital murder.

Prior to the joint trial of Shaw and Roberts,
Roberts=s
attorney stated that he intended to call Rogers
to testify.  At a pretrial hearing,
Rogers testified that he would testify at trial that any statement he made
implicating Shaw was not true but resulted from threats made to him by a detective
that, if he did not give the statement implicating Shaw, the detective would
make sure that he would die by lethal injection.  Counsel for Shaw re-urged the motion to
sever, stating that the admission of Rogers=s original statement for impeachment
purposes, in which he said the offense was committed by Shaw, would be highly
prejudicial to Shaw and would not be admitted were it not for the fact that
Shaw and Roberts were being tried together. 
Roberts and Shaw were subsequently tried together.    

Roberts did not call Rogers to testify at trial.  Rick Berry, a detective who investigated the
murders, testified over objection by Shaw=s
counsel that Rogers, in his statement to Officer Berry, did not specifically
say that Roberts was involved in the offense. 
The trial court did not allow Roberts to ask Officer Berry whether Rogers implicated anyone
specifically or whether he implicated Shaw. 









To establish prejudice with respect to a motion
for severance, the defendant must show a serious risk that a specific trial
right would be compromised by a joint trial, or that a joint trial would
prevent the jury from making a reliable judgment about guilt or innocence, and that
the problem could not be adequately addressed by lesser curative measures, such
as a limiting instruction.  Qualley v.
State, 206 S.W.3d 624, 636 (Tex.
Crim. App. 2006).

As
originally filed, Shaw=s
motion to sever was presented on the basis that the codefendants= positions were mutually exclusive
because he anticipated that they might place themselves at the scene of the
offenses.  At the initial hearing, the
only codefendant shown to be placing himself at the scene was Rogers, whose case was severed prior to the
beginning of the trial of Shaw and Roberts. 
No evidence was presented at that hearing showing any prejudice should
Shaw be tried together with Roberts.

At the re-urging of the motion to sever prior to
the trial with Roberts, the basis for prejudice urged by Shaw was that, if
Rogers were to testify at trial, he could be impeached by showing that he
initially implicated Shaw.  As previously
noted, Rogers
did not testify.  Therefore, if Shaw
showed the necessary prejudice required to justify his motion to sever, he did
not actually suffer the prejudice shown because Rogers did not testify.  

Constitutional error is an error that directly
offends the United States Constitution or the Texas Constitution without regard
to any statute or rule that might also apply. 
Rodgers v. State, 111 S.W.3d 236, 247 (Tex. App.CTexarkana
2003, no pet.).  Shaw urges that any
error in denying his severance was a nonconstitutional error.  With respect to nonconstitutional errors, we
must disregard any nonconstitutional error, defect, irregularity, or variance
that does not affect substantial rights. 
Tex. R. App. P.
44.2(b).  Because Shaw did not suffer the
prejudice he alleged in his motion to sever or as argued by him in either the
first or second hearings on his motion, his substantial rights were not
affected.








Shaw
appears on appeal to rely on prejudice he contends was created when Roberts=s counsel asked Officer Berry if it
were true that Rogers
did not specifically say that Roberts was involved in the offenses.  The basis for the alleged prejudice is that
the jury would infer, from the fact that Shaw=s
counsel would not ask Rogers a similar question,
that Rogers
must have implicated Shaw.  Shaw=s counsel objected to Officer Berry=s testimony being offered but did not
re-urge his motion to sever based upon the alleged prejudice.  Consequently, the trial court never had the
opportunity to consider the prejudice alleged on appeal by Shaw with respect to
Shaw=s motion
for severance at trial.  We overrule Shaw=s first issue on appeal.

Shaw insists in issue two that the trial court
erred when it included the word Akillings@ in the charge on guilt or innocence
because it constituted an impermissible comment on the weight of the
evidence.  In the AEvidentiary
Instructions@ part of
the court=s charge,
the charge stated:

You
are instructed that you may consider all relevant facts and circumstances
surrounding the killings, if any, and the previous relationship existing
between the accused and the deceased, together with all relevant facts and
circumstances going to show the condition of the mind of the accused at the
time of the offense alleged in the indictment. 

 

            At
trial, counsel objected to the wording of the charge on the basis that it was
inflammatory, without making any reference to it being an impermissible comment
on the weight of the evidence. 
Consequently, the issue presented here does not comport with the
objection Shaw made at trial.  Therefore,
nothing is presented for review.  Coffey
v. State, 796 S.W.2d 175, 179 (Tex. Crim. App. 1990).

Even
if the matter were preserved for review, Shaw argues that it was a comment by
the trial court on the weight of the evidence because it informed the jury that
the complainants were the victims of a killing by the accused, assuming that
Shaw killed or murdered the complainants. 
There was no dispute at trial as to whether the complainants were killed
or murdered.  The dispute was whether
either Shaw or Roberts was guilty of capital murder with respect to the
killings as alleged.  As we read the
charge, it did not suggest in any way that Shaw had murdered or killed the
complainants.  We overrule issue
two.  

The judgments are affirmed.

 

May 24,
2007                                                                          PER
CURIAM

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J.,

Strange,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.